UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY LEE THIELE, | No. 2:18-cv-01944 CKD |
| Plaintiff, | |
| v. | ORDER |
| ANDREW SAUL, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). The parties have consented to Magistrate Judge jurisdiction to conduct all proceedings in the case, including the entry of final judgment. For the reasons discussed below, the court will deny plaintiff's motion for summary judgment and grant the Commissioner's cross-motion for summary judgment.

BACKGROUND

Plaintiff, born in 1970, is alleging disability since August 21, 2010 based on learning disabilities, one kidney, thyroid deficiency, male hormone deficiency, gout, hypertension, high blood pressure, and obesity. Administrative Transcript ("AT") 155, 658. The State agency Disability Determination Service found plaintiff disabled as of April 19, 2012. AT 658. In the

challenged decision, dated November 9, 2017, the ALJ determined that plaintiff was not Disabled during the period of August 21, 2010 through April 18, 2012.[1] AT 658-670. The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2014.
>
> 2. The claimant has not engaged in substantial gainful activity since August 21, 2010, the alleged onset date.
>
> 3. Through April 18, 2012, claimant has the following severe impairments: diabetes mellitus; hypertension; hyperlipidemia; renal disorder; obstructive sleep apnea; morbid obesity; edema; adjustment disorder with anxiety and depressed moods; and learning disorder.

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

2

> 4. Through April 18, 2012, the claimant did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
>
> 5. After careful consideration of the entire record, the undersigned finds that through April 2012, the claimant had the residual functional capacity to perform light work, except he had the following additional limitations: he was able to stand and walk for up to 4 hours daily; he had no sitting limitations; he was able to lift and carry 20 pounds occasionally and 10 pounds frequently; he was able to occasionally climb; he had no limitations in balancing, kneeling, and crawling; he was able to frequently stoop and crouch; he had no limitations in reaching, handling, feeling, and fingering; he had no environmental limitations; he was able to understand, remember, and carry out one-step instructions as well as instructions of mild complexity; he was able to multi-task for not more than one- to two-step tasks; he was able to maintain concentration, persistence, and pace as it relates to simple one- to two-step tasks; he must have avoided competitive work-pressure-type jobs; he was able to perform routine and repetitive work; and he was able to interact with supervisors, coworkers, and the public on an occasional basis.
>
> 6. The claimant is unable to perform any past relevant work.
>
> 7. The claimant was born on XX/XX/1970 and was 39 years old, which is defined as a younger individual, on the alleged disability onset date.
>
> 8. The claimant has at least a high-school education and is able to communicate in English.
>
> 9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant was 'not disabled,' whether or not the claimant had transferable job skills.
>
> 10. Considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed.
>
> 11. The claimant has not been under a disability, as defined in the Social Security Act, from August 21, 2010 through April 18, 2012.

AT 658-669.

ISSUES PRESENTED

Plaintiff argues that the ALJ committed the following error in finding plaintiff not disabled: The ALJ improperly discounted plaintiff's testimony concerning pain, symptoms, and level of limitation.

////

3

## LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

## ANALYSIS

Plaintiff argues that the ALJ improperly rejected his testimony concerning pain, symptoms, and level of limitation.

In his disability application, plaintiff stated that, due to his impairments, he was unable to lift over 25 pounds, had a hard time walking, experienced shortness of breath, and could not sit or stand for a long period of time without significant pain. AT 185, 187. The ALJ's decision summarized his statements and testimony as follows:

4

> In the present case, the claimant alleged that his impairments limit him from working, with specific reference to his learning disability, lack of a kidney, thyroid and hormonal deficiencies, gout, hypertension, high blood pressure, and overweight condition. He also referenced suffering from diabetes, sleep apnea, back problems, and some depression. In his function report, the claimant alleged he can lift 20 pounds and stand for about five minutes, but he reportedly has trouble squatting due to his weight, climbing stairs due to dyspnea, and sitting due to back pain.
>
> At the recent administrative hearing, the claimant testified that he suffered from depression and attempted mental health treatment, but many facilities did not accept his health insurance, and he was unable to pay out of pocket (Hearing Testimony). He currently takes Prozac, but he has problems obtaining his prescription medications (Hearing Testimony). He obtained psychiatric care when he lived in Reno from 2001 to 2003 (Hearing Testimony).

AT 664 (some record citations omitted); see AT 1153-1181 (June 2017 hearing testimony)[2], AT 40-52 (March 2012 hearing testimony).

The ALJ's decision discussed credibility issues at length, as follows:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to have caused the alleged symptoms; however, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for reasons explained in this decision.
>
> [The claimant's statements about the effects of his symptoms] are inconsistent with the positive clinical and diagnostic findings in the objective record as documented from August 21, 2010, through April 18, 2012. The claimant has a history of diabetes mellitus . . . While the claimant's uncontrolled diabetes led to a hospitalization in November 2010 [record citation], his lack of control was attributed to his recent diagnosis of diabetes and new use of insulin [record citation], and he admittedly had problems controlling his blood sugar levels due to his problems maintaining a diabetic diet [record citations].[3] By mid-2011, the claimant's medical provider remarked that he was 'doing well' and that he was keeping his blood sugar

---

[2] At the June 2017 hearing, petitioner's attorney acknowledged that there was "not significant treatment" for mental health issues prior to the alleged disability onset date of August 2010. AT 1171-1172. Petitioner testified that he was unable to get mental health treatment during this period because he couldn't pay for it or find a provider who would accept his insurance. AT 1172.

[3] See AT 363-364 (November 5, 2010 medical note); AT 468 (June 2011 medical note that plaintiff "is still having trouble with his blood sugars . . .[and] having the self-control to stay away from ice cream and other high carb/sugar foods").

5

levels under 200 [record citation].[4] Although the claimant's obesity and diabetes impacted his overall health and were difficult to control at times, the claimant's condition was largely stable overall, and he was able to persist by utilizing conservative and routine treatment measures [record citation].[5]

The claimant also has a history of right nephrectomy at the age of eight [record citation]. Laboratory tests further revealed mostly normal kidney functions. . . . In late 2010, the claimant's doctor informed him that being at risk for progressive kidney disease, he 'does not have significant kidney dysfunction' (record citation).[6] Medical records from early 2012 note that the claimant has stage one chronic kidney disease, but his kidney functions remained stable [record citation].

Physical examination findings further illustrate the non-debilitating nature of the claimant's medical condition prior to April 19, 2012. During that period, examination results emphasized the claimant's sporadic signs of edema in his extremities, good range of motion in his major joints, absence of tenderness, normal motor function, normal sensory function, and lack of focal deficits [record citations].[7] Diagnostic imaging reports also indicated only mild degenerative changes in the claimant's thoracic and lumbar spines [record citations].[8] However, based on the claimant's sporadic edema and shortness of breath upon exertion, the evidence supports a less-than-light [RFC] assessment as defined in this decision.

[Plaintiff was diagnosed with sleep apnea in November 2010.] However, the claimant was able to manage his condition through his use of a CPAP machine [record citation]. The claimant's sleep apnea did not appear to cause disability symptoms or limitations. . . .

In addition, other evidence refutes the severity of the claimant's subjective complaints. As pertinent here, the claimant's descriptions of his activities of daily living during the relevant period are not limited to the extent expected given his complaints of disabling symptoms and limitations. The claimant described daily activities that include managing his personal care and hygiene independently without a need for special reminders, preparing simple meals, washing dishes, doing chores, driving to places, shopping in stores,

---

[4] AT 474 (January 2011 medical note stating that plaintiff has been "doing great with his sugar" and was able to keep his blood sugar level in control "for the most part").

[5] See AT 572 (March 2012 medical note that plaintiff was "doing better with blood sugar control.").

[6] See AT 364.

[7] See AT 225, 230, 235, 293, 507-509, 513, 634, 665.

[8] See AT 605, 647, 66.

6

>    and managing his finances [record citations].⁹ He was also able to sustain adequate concentration to watch game shows and detective shows [record citation]. Accordingly, while these examples are not dispositive with regard to the claimant's capabilities, they illustrate the claimant's greater ability to function in contravention to his claims of total disability.

AT 665.

The ALJ determines whether a disability applicant is credible, and the court defers to the ALJ's discretion if the ALJ used the proper process and provided proper reasons. See, e.g., Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995). If credibility is critical, the ALJ must make an explicit credibility finding. Albalos v. Sullivan, 907 F.2d 871, 873-74 (9th Cir. 1990); Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990) (requiring explicit credibility finding to be supported by "a specific, cogent reason for the disbelief").

In evaluating whether subjective complaints are credible, the ALJ should first consider objective medical evidence and then consider other factors. Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (en banc). If there is objective medical evidence of an impairment, the ALJ then may consider the nature of the symptoms alleged, including aggravating factors, medication, treatment and functional restrictions. See id. at 345-47. The ALJ also may consider: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and (3) the applicant's daily activities. Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996); see generally SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR 55406-01; SSR 88-13. Work records, physician and third party testimony about nature, severity and effect of symptoms, and inconsistencies between testimony and conduct also may be relevant. Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997). A failure to seek treatment for an allegedly debilitating medical problem may be a valid consideration by the ALJ in determining whether the alleged associated pain is not a significant nonexertional impairment. See Flaten v. Secretary of HHS, 44 F.3d 1453, 1464 (9th Cir. 1995). The ALJ may rely, in part,

---

⁹ See AT 38-64, 165-172, 665.

7

on his or her own observations, see Quang Van Han v. Bowen, 882 F.2d 1453, 1458 (9th Cir. 1989), which cannot substitute for medical diagnosis. Marcia v. Sullivan, 900 F.2d 172, 177 n.6 (9th Cir. 1990). "Without affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing." Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

Here, the undersigned concludes that the ALJ's stated reasons for discounting plaintiff's credibility were supported by record evidence and legally sufficient under the standard set forth above, and the court finds no error on this basis.

CONCLUSION

For the reasons stated herein, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 14) is denied;

2. The Commissioner's cross-motion for summary judgment (ECF No. 21) is granted; and

3. Judgment is entered for the Commissioner.

Dated: September 30, 2019

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/thiele1944.ssi.ckd